RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2 / 13 / 13
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSEPH AUGUSTINE (D.O.C. #414602) — DOCKET NO. 12-CV-2621; SEC. P

VERSUS — JUDGE DEE D. DRELL

TIMOTHY KEITH, ET AL. — MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Joseph Augustine, filed on October 3, 2012. Augustine is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff complains of a "slip and fall" accident and seeks damages for negligence and inadequate medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

***Factual Allegations***

Plaintiff alleges that, on January 26, 2012, while entering the kitchen dining hall, he slipped and fell on the wet floor. Plaintiff claims that he hit his head, which rendered him unconscious, and also injured his neck and back. Plaintiff was taken to the infirmary, where he was administered Motrin. Plaintiff was returned to his housing unit at 3:40 a.m. on the morning of January 27, 2012.

Plaintiff alleges that at 8:30 p.m., he began to feel dizzy and experience neck and back pain. Plaintiff declared a medical emergency and was allowed to go to the infirmary. Defendant Warner checked Plaintiff's blood pressure, which was high. Warner called Dr. Kuplesky, who instructed Warner to give Plaintiff Motrin and "a blood pressure pill" and send him back to his housing unit. [Doc. #1-2, p.1]

The next morning, at 4:30 a.m., Plaintiff declared another medical emergency due to dizziness, back pain, and neck pain. Defendant Mary Lee gave Plaintiff Motrin and sent him back to his unit. That evening, at 5:15 p.m., Plaintiff submitted a sick call request. He then declared another medical emergency, but was told by Defendant Mary Lee to get out of the infirmary because she could not do anything else for him.

On January 30, 2012, Plaintiff was called out pursuant to his sick call request of January 28, 2012. Defendant Mark told Plaintiff there was nothing he could do other than give Plaintiff muscle rub, Motrin, and put him on the list to see the doctor. [Doc. #1-2, p.2] After being sent back to his unit, Plaintiff submitted made another sick call. On February 2, 2012, Plaintiff saw Dr. Kuplesky, who ordered x-rays. On February 3, 2012, Plaintiff was brought to Huey P. Long hospital, where x-rays were taken of Plaintiff's head, neck, and back. [Doc. #1-2, p.2] Plaintiff received an injection for inflammation and pain, and the

doctor prescribed pain medication and anti-inflammatory medication. According to the administrative remedy response, the LSU medical staff diagnosed Plaintiff with neck strain and recommended Tylenol 650 mg as needed for pain. Plaintiff already had orders from Winn for Motrin 800 mg twice per day and had access to Tylenol from the key officer. [Doc. #1-3, p.1]

## ***Law and Analysis***

### ***I. Slip and Fall***

A "slip and fall" negligence claim is not cognizable in a federal civil rights action. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding water on the floor raise nothing more than a negligence claim. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995)(inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate

indifference); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment."); Benton v. Grant, 31 Fed.Appx. 160 (5th Cir. 2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it); McLaughlin v. Farries, 122 Fed.Appx. 692 (5th Cir. 2004)(unpublished)(inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of his cell, which inmate slipped and fell in, causing injury. Inmate's claim was one of negligence, which was not actionable under Section 1983.). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986).

***II. Medical Care***

Plaintiff complains that he was denied proper medical care because he was not immediately sent for x-rays. To state a claim under §1983 for the deprivation of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of

decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm,**" and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff has not presented allegations of deliberate indifference. He was evaluated and treated immediately following the accident on January 26, 2012. He received additional treatment the day after the accident, January 27, 2012, and again on January 28, 2012. On January 30, 2012, Plaintiff was offered muscle rub, Motrin, and was put on the list to see the doctor. [Doc. #1-2, p.2] On February 2, 2012, Plaintiff saw Dr. Kuplesky, who ordered x-rays. On February 3, 2012, Plaintiff was brought to Huey P. Long hospital, where x-rays were taken of Plaintiff's head, neck, and back.

Moreover, Plaintiff has not shown that he had a serious medical need. X-rays showed no fractures, and Plaintiff was

diagnosed with neck strain. Plaintiff's neck strain was not a serious medical need that exposed him to a substantial risk of harm. See e.g., Lusk v. Dallas County Sheriff's Dep't, No. 3:00-CV-0662L, 2002 WL 31757706, at *4 (N.D.Tex. Nov. 29, 2002) (Lindsay, J.) (herniated disc and degenerative spinal disease not serious medical needs); Nelson v. Rodas, No. 01-CV-7887, 2002 WL 31075804, at *14 (S.D.N.Y. Sept. 17, 2002)(Peck, M.J.) (back spasms and pain not a serious medical need); Solomon v. Moore, No. 97-CV-0201, 2000 WL 385521, at *2-3 (S.D.N.Y. Apr. 14, 2000) (Duffy, J.) (when plaintiff was able to walk and function normally despite neck, back and groin pains, he had no serious medical needs); Patterson v. Orleans Parish Dist. Attorney's Office, No. 06-7322, 2007 WL 5063238, at *17 (E.D.La.2007)(back pain, leg pain, and high blood pressure did not present serious medical needs).

Plaintiff's complaint regarding a delay in medical care also fails. First there was no deliberate indifference. However, even if there was, the delay did not result in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

***Conclusion***

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's factual allegations as true, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED**

**WITH PREJUDICE** as frivolous 28 U.S.C. §1915(e)(2)(B) and 1915A.

***Objections***

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 13th day of February, 2013.

**JAMES D. KIRK**
**UNITED STATES MAGISTRATE JUDGE**